IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICTOR LUNA-USCANGA,<br>    ID # 49305-177, | )<br>) | |
|         Movant, | ) | No. 3:20-CV-51-M (BH) |
| vs. | ) | No. 3:15-CR-153-M-2 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|         Respondent. | ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant findings and applicable law, the *Amended Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (doc. 6) should be **DISMISSED IN PART** for lack of jurisdiction, and **DENIED IN PART** as barred by the statute of limitations.

### I.  BACKGROUND

Victor Luna-Uscanga (Movant) challenges his federal conviction and sentence in Cause No. 3:15-CR-153-M-2.  The respondent is the United States of America (Government).

On March 24, 2015, Movant was charged by complaint with manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B). (*See* doc. 1.)[2]  He was indicted on April 21, 2015, on a charge of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846.  (*See* doc. 27.)  He pled guilty to the indictment on December 15, 2015.  (*See* docs. 44, 46, 51, 55.)

By judgment entered on December 28, 2016, Movant was sentenced to 127 months'

---

[1]  By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2]  Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:15-CR-153-M-2.

imprisonment. (*See* doc. 94 at 2.) On December 27, 2017, the judgment was affirmed on appeal. (*See* docs. 121, 122.) He did not file a petition for writ of certiorari in the Supreme Court.

On November 20, 2019, Movant filed a motion seeking modification of his term of imprisonment under Amendments 750 and 782 to the United States Sentencing Guidelines and the First Step Act of 2018. (*See* doc. 129.) Because the motion presented grounds for relief that fall within the purview of 28 U.S.C. § 2255, by order dated January 8, 2020, the Court also liberally construed and characterized it in part as a § 2255 motion. (*See* doc. 135.) Because Movant had not designated his filing as a § 2255 motion or previously filed a § 2255 motion, the order set forth the notice and warnings about the consequences of the characterization of the filing in part as a § 2255 motion, as required by *Castro v. United States*, 540 U.S. 375 (2003). (*See id.* at 2.) He was also given an opportunity to either withdraw the recharacterized § 2255 motion, or to amend it so that it contained all of the grounds for relief that he believed were available to him under § 2255, within 20 days. (*See id.*)

Movant subsequently filed a motion seeking an additional thirty days to prepare and file his amended § 2255 motion. (*See* 3:20-CV-51, doc. 4.) His motion was granted, and the 20-day deadline to comply with the order was extended thirty additional days, with a caveat regarding the applicability of the one-year statute of limitations set forth in § 2255(f). (*See id.*, doc. 5 at 2.)

On January 21, 2020, Movant filed his amended § 2255 motion and raised the following grounds: (1) the Fifth Circuit Court of Appeals applied an incorrect standard of review in affirming the judgment; (2) it was "judicial error" to allow a continuance of the sentencing hearing to permit additional testing of the evidence to increase the drug quantity attributed to him; (3) he received ineffective assistance of trial counsel; and (4) this Court erred in applying a two-level enhancement

for the possession of a firearm. (*See id.*, doc. 6 at 7-23.)

## II. JURISDICTION

Movant's first claim alleges error by the Fifth Circuit Court of Appeals.

"This Court does not have jurisdiction to entertain claims of appellate court error as a district court does not sit in direct review of a federal appellate court's holdings." *See Demmitt v. United States*, No. 2:15-CV-0059, 2017 WL 563977, at *7 (N.D. Tex. Jan. 20, 2017), rec. accepted, 2017 WL 564531 (N.D. Tex. Feb. 10, 2017); *see also Pimentel v. United States*, No. 96 Civ. 5891(JFK), 2008 WL 2151796, at *5 (S.D.N.Y. May 21, 2008) (district court lacks authority to review a claim that the court of appeals erred); *Harris v. Maldonado*, No. 3:04-0100 HFFJR, 2006 WL 3909718, at *3 (D.S.C. Jan. 10, 2006) (district court was not the forum to review and correct allege error by the appellate court). Movant's claim should be dismissed for lack of jurisdiction.

## III. STATUTE OF LIMITATIONS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005). It states that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A.  Calculation of One-Year Period

With regard to § 2255(f)(1), the judgment of conviction was affirmed on appeal on December 27, 2017.  Movant did not file a petition for writ of certiorari in the Supreme Court, so his conviction became final on March 27, 2018, when the ninety-day period for filing a certiorari petition with the Supreme Court expired.  *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires").  He does not allege that governmental action prevented him from filing a § 2255 motion earlier under § 2255(f)(2).  The facts supporting his claims, other than his first claim of error by the Fifth Circuit Court of Appeals, arose before the conviction became final, so § 2255(f)(4) does not apply.  A literal application of § 2255(f)(1) renders his motion untimely.

### B.  Equitable Tolling

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'"  *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000).  "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable."  *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)).  It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights."  *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi*

4

*v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Furthermore, Movant bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Movant claims that he does not speak English and was assisted with his filing by a fellow inmate. (*See* 3:20-CV-51-M-BH, doc. 6 at 8.) Courts in this district have found that a lack of fluency in the English language is not a basis for equitable tolling in federal habeas cases. *See Cervantes v. United States*, No. 3:19-CV-1384-B-BK, 2019 WL 7593243, at *4 (N.D. Tex. Dec. 19, 2019) (citing *Yang v. Achuleta*, 525 F.3d 925, 929-30 (10th Cir. 2008) (collecting cases finding a lack of proficiency in English did not rise to extraordinary circumstances warranting equitable tolling), rec. accepted, 2020 WL 247454 (N.D. Tex. Jan. 15, 2020); *Rodriguez v. Davis*, No. 2:17-CV-229-Z, 2019 WL 7567279, at *6 (N.D. Tex. Dec. 13, 2019), rec. accepted, 2020 WL 137215 (N.D. Tex. Jan. 13, 2020); *Casas-Amador v. United States*, No. 3:18-CV-1510-N-BK, 2019 WL 1243868, at *3 (N.D. Tex. Jan. 29, 2019), rec. accepted, 2019 WL 1243139 (N.D. Tex. Mar. 18, 2019); *Luna v. Davis*, No. 3:18-CV-3056-B-BN, 2018 WL 7021589, at *4 (N.D. Tex. Dec. 21, 2018), rec. accepted, 2019 WL 184341 (N.D. Jan. 14, 2019); *Perez v. Davis*, No. 4:17-CV-882-Y

5

2018 WL 4304890, at * 3 (N.D. Tex. Sept. 10, 2018); *Alvarez-Gomez v. United States*, No. 3:17-CV-2560-B (BH), 2017 WL 5152352, at *2 (N.D. Tex. Sept. 20, 2017), rec. adopted , 2017 WL 5135466 (N.D. Tex. Nov. 6, 2017); *Saenz v. United States*, No. 3:12-CV-4365-N-BK, 2013 WL 4434953, at *4 (N.D. Tex. Aug. 19, 2019).  Movant has not demonstrated that the language barrier actually prevented him from timely filing a § 2255 motion, that he diligently pursued his rights, or that extraordinary circumstances prevented him from filing his motion to vacate earlier so as to warrant equitable tolling.  He is not entitled to equitable tolling, and his § 2255 motion is untimely.

**C.     Actual Innocence**

In *McQuiggin v. Perkins*, 569 U.S. 383, 386-91 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the one-year statute of limitations under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim must persuade a district court that it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence and the evidence presented at trial. *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *McQuiggin*, 569 U.S. at 386). The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *McQuiggin*, 569 U.S. at 399-400. "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Floyd*, 894 F.3d at 155. "This exception's demanding standard requires 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' ... The

standard is seldom met." *Id.* at 154-55 (citing *McQuiggin*, 569 U.S. at 401; *House v. Bell*, 547 U.S. 518, 538 (2006)).

There is a split among district courts about whether *McQuiggin* applies to a guilty plea case. *See Thomas v. Stephens*, 4:13-CV875-A, 2014 WL 929031, at *3 (N.D. Tex. Mar. 7, 2014) (citing cases). Even if *McQuiggin* applies, however, Movant does not allege that he is actually innocent. He has therefore failed to overcome the statute of limitations, and his motion is time-barred.

## IV. RECOMMENDATION

Movant's claim of appellate error in the *Amended Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* should be **DISMISSED** for lack of jurisdiction, and his remaining claims should be **DENIED with prejudice** as barred by the statute of limitations.

**SIGNED on this 5th day of February, 2020.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

7

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                     _____
                      IRMA CARRILLO RAMIREZ
                      UNITED STATES MAGISTRATE JUDGE